UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRELL R. MYERS,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No.  C07-5110RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 22, 2007 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter is before the court on Defendant's motion to dismiss (Doc. 5).  After carefully reviewing the motion, Plaintiff's affidavit filed in opposition to the motion (Doc. 9), and the balance of the record, the undersigned recommends that the Court grant the motion.

## **INTRODUCTION**

On March 3, 2007, Plaintiff, through his attorney, filed the Complaint in this matter alleging his application for social security benefits was erroneously denied by the administration.

On April 12, 2007, before filing an Answer to the Complaint, Defendant moved to dismiss the Complaint based on the argument that the court does not have jurisdiction over the matter.  Defendant explained that Plaintiff's most recent application was denied by the administration based on the doctrine of *res judicata*, not a final decision that followed an administrative hearing.  The matter was noted for

REPORT AND RECOMMENDATION
Page - 1

1  consideration on May 4, 2007.

2  On May 1, 2007, the parties filed a stipulation with the court, agreeing to allow Plaintiff until May

3  25, 2007, to file his opposition to the motion. On May 21, 2007, the court received Plaintiff's response,

4  entitled "Affidavit of Plaintiff in Response to Motion to Dismiss" (Doc. 9).  The affidavit is

5  unaccompanied by any legal analysis or briefing on the issues presented to the court, and fails to contradict

6  any of the procedural history of the administrative process. Accordingly, the court should accept the

7  Defendant's procedural history which states the following:

8  On October 9, 2002, Plaintiff filed an application for disability insurance benefits under Title II of the Act. Plaintiff was last insured for disability benefits on December 31,
9  2002. The application was denied initially and on reconsideration on April 30, 2003. Exhibit 1. The denial was not further appealed. Because Plaintiff did not appeal this decision, it
10  became final and binding. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985); 20 C.F.R. §§ 404.921, 404.981, 422.210.
11  Therefore, *res judicata* applies in this matter. See Davis v. Schweiker, 665 F.2d 934, 935-36 (9th Cir. 1982).
12  
13  On February 2, 2006, Plaintiff again filed an application for disability insurance benefits.  The Commissioner denied these applications initially and on reconsideration. An
14  Administrative Law Judge (ALJ) dismissed Plaintiff's request for hearing res judicata grounds. Exhibit 2. Plaintiff sought Appeals Council review and submitted additional
15  evidence for review. Exhibit 4. On January 24, 2007, request for review was initially denied. Exhibit 5. However, on March 12, 2007, the Appeals Council set aside its prior denial,
    considered the additional evidence, and denied the request for review. Exhibit 5. In the
16  interim, on March 7, 2007, Plaintiff filed his complaint for judicial review with this Court.

17  Defendant's Motion to Dismiss at 2-3.  Plaintiff's affidavit which merely states, "That in April, 2003 I was

18  living at 1003 Mellen Street, Apt. D, Centralia, Washington.  I had a post office address at Vader,

19  Washington, but was not living there nor receiving mail there.  I have reviewed Exhibit 1 to the affidavit of

20  Mr. Gould dated march 29, 2007, and state that I never received that notice.  When I contacted the Social

21  Security Administration asking the status of my application of August 9, 2002, I was told that there had

22  been a denial, which I told them I had not received.  This notice was first provided to me on or about

23  February 2, 2006 when I filed a new application."

24  **DISCUSSION**

25  As noted above, after reviewing the motion, the undersigned recommends granting

26  dismissal in favor of defendants.  Further noted above, is the fact that Plaintiff's attorney has failed to file a

27  brief or legal analysis of issues presented by Defendant's motion.  Accordingly, the court accepts

28  Defendant's briefing of the law.

REPORT AND RECOMMENDATION
Page - 2

1  The Social Security Act limits judicial review of the Commissioner's decisions to any "final decision
2  of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see also* Evans v.
3  Chater, 110 F.3d 1480, 1482 (9th Cir. 1997).  The Supreme Court has recognized, "[t]his
4  provision clearly limits judicial review to a particular type of agency action," a final decision of
5  the Commissioner made after a hearing. Califano v. Sanders, 430 U.S. 99, 108 (1977).  There is an
6  exception to the above rule allowing judicial review only after a hearing.  This Court has jurisdiction to
7  review the Commissioner's finding of res judicata if Plaintiff has alleged a colorable constitutional claim.
8  *See* Sanders, 430 U.S. at 109; Evans, 110 F.3d at 1482.  A colorable constitutional claim includes a due
9  process violation that implicates a due process right to a meaningful opportunity to be heard or to seek
10 reconsideration of an adverse benefits determination. *See* Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir.
11 2001); Evans, 110 F.3d at 1483.

12  Here, it is undisputed that Plaintiff failed to obtain a final decision from the administration on his
13 first application for benefits, and his recent application was dismissed by the an ALJ on grounds of *res
14 judicata*.  The only issue is whether or not Plaintiff has presented a "colorable constitutional claim" by
15 arguing that he never received notice of the administration's earlier denial of his application for benefits,
16 which formed the basis of the ALJ's finding of res judicata.

17  The undersigned finds that Plaintiff has not presented sufficient facts or argument to support
18 jurisdiction over this matter.  As further noted by Defendant, a colorable constitutional claim includes a due
19 process violation that implicates a due process right to a meaningful opportunity to be heard or to seek
20 reconsideration of an adverse benefits determination. Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir.
21 2001); Evans, 110 F.3d at 1483.  The constitutional claim must relate to the manner or means by which the
22 administration decided not to reopen the prior decision, rather than to the merits of the prior decision or
23 means by which that decision was reached.  Ingram v. Sec'y of Health and Human Servs., 830 F.2d 67,
24 67-68 (6th Cir. 1987).

25  Here, Plaintiff's affidavit does not challenge or argue the administration discretion when it denied
26 his February 2006 application.  Plaintiff merely states that he did not receive the March 2003 notice of the
27 denial of his earlier October 9, 2002, application for benefits.   The copy of the 2003 notice was addressed
28 to Mr. Myers' Vader address, which he states he maintained at the time.  The 2003 notice further indicates

reconsideration of the matter was undertaken at Plaintiff's request, suggesting that Plaintiff had been in recent and appropriate contact with the administration until that time. Plaintiff does not explain why he waited three years to follow up with the administration to find out that his application was denied. The court also notes that the Plaintiff found out about the denial in February 2006, not in the process of following up with the status of his application, but in the process of filing a new application.

## **CONCLUSION**

Based on the foregoing, the Court should find that it lacks jurisdiction over this matter and therefore should GRANT defendant's motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 22, 2007**, as noted in the caption.

DATED this 31st day of May, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4