UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL R. MYERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. C07-5110RJB

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 11). The Court has considered the Report and Recommendation, the plaintiff's objections (Dkt. 12), the defendant's response to the objections (Dkt. 13), and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Darrell R. Myers filed a complaint in federal court seeking review of the denial of his application for benefits under Title II and XVI of the Social Security Act. Dkt. 1. The complaint is very brief and does not articulate the facts or procedures regarding the denial of his application for benefits.

The defendant moved to dismiss under Federal Rule 12(b)(1) and 12(b)(6), contending that the Court lacks jurisdiction over the plaintiff's claims. Dkt. 5. Specifically, the defendant contends that the plaintiff failed to appeal denial of his first application for benefits, and his second application was denied as *res judicata*. As a result, while the decision of the administrative law judge ("ALJ") became final, there was no "final decision of the Commissioner of Social Security made after a hearing" and subject to judicial

ORDER
Page - 1

review. *See* 42 U.S.C. §405(g). The Defendant's Motion to Dismiss is accompanied by a declaration and several exhibits from the plaintiff's official file maintained by the Office of Disability Adjudication and Review. *See* Dkt. 6.

The plaintiff filed an affidavit opposing the Motion to Dismiss. Dkt. 5. Mr. Myers opposes the Motion to Dismiss on the grounds that he did not receive notice that his claim for benefits was denied on reconsideration. *Id.* at 1.

The Report and Recommendation concludes that dismissal of the plaintiff's claims is proper because the plaintiff did not obtain a final decision on his application for benefits and because the plaintiff does not present a colorable constitutional claim by arguing that he did not receive notice of the denial of his application for benefits. Dkt. 11 at 3-4. Mr. Myers objects to the Report and Recommendation, again asserting that he did not receive notice of the denial of his application for benefits. Dkt. 12-2.

## II. DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, taking all of the allegations as true and drawing all reasonable inferences from the complaint in favor of the nonmoving party. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). If matters outside the pleadings are presented to and considered by the court, the motion is treated as one for summary judgment under Federal Rule 56, and all parties are afforded a reasonable opportunity to present all pertinent material. Fed. R. Civ. P. 12(b). Motions to dismiss are viewed with disfavor and rarely granted because there is a presumption against dismissing pleadings for failing to raise a claim. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, a complaint should not be dismissed "unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Parks Sch. of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Jurisdictional attacks under Federal Rule 12(b)(1) can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In considering a factual Rule 12(b)(1) attack, the court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In this case, Magistrate Judge Arnold properly considered matters of public record and beyond the

plaintiff's complaint to conclude that this Court lacks subject matter jurisdiction over the plaintiff's claims because the Social Security Act limits judicial review to final decisions of the Commissioner after holding a hearing. *See* 42 U.S.C. §405; Dkt. 11 at 3. The Commissioner did not hold a hearing here or make a final decision. Rather, the decision of the ALJ was not appealed and became final.

Nevertheless, as noted in the Report and Recommendation, the availability of judicial review is presumed when constitutional questions are at issue. *Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). Mr. Myers' claim that he did not receive a copy of the ALJ's final decision does not raise any constitutional claims. Dkt. 1: Dkt. 9; Dkt. 12. The Court should therefore adopt the Report and Recommendation and dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 11), and the Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 3rd day of July, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge